IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **REGINALD HENDERSON,** <br><br> Plaintiff, <br><br> v. <br><br> **KENNETH BOUDREAU, THE ESTATE OF WILLIAM FOLEY, JOHN HALLORAN, MICHAEL CLANCY, JAMES O'BRIEN, PATRICK GOLDEN, RICHARD COUGHLIN, ASSISTANT STATE'S ATTORNEY VIRGINIA BIGANE, ASSISTANT STATE'S ATTORNEY STEVEN KLACZYNSKI, CITY OF CHICAGO, and COOK COUNTY.** <br><br> Defendants. | No. 23-CV-4802 <br><br> Judge Thomas M. Durkin |

**PLAINTIFF'S RESPONSE IN PARTIAL OPPOSITION TO
DEFENDANTS' JOINT MOTION FOR REASSIGNMENT AND CONSOLIDATION**

NOW COMES Plaintiff, by and through his attorney, the Bonjean Law Group, and hereby responds as follows:

**Introduction**

The City and the Defendant Officers (the "Defendants") have moved to reassign and consolidate Plaintiff's case with *Sean Tyler v. Boudreau*, 23 CV 4803 (N.D. Ill) (Gettleman, J.). According to the Defendants, there is factual and legal overlap between the two cases that warrants reassignment pursuant to Local Rule ("L.R.") 40.4. Plaintiff and Tyler were separately convicted of the same crime that neither of them committed—the 1994 murder of Rodney Collins. Plaintiff and Tyler were separately tried for the crime based on separate fabricated inculpatory statements that each was coerced into giving. After serving out their respective

sentences, Tyler and Henderson were both exonerated. Tyler and Henderson then filed independent lawsuits, against two separate sets of Defendants with two overlapping but different claims based on overlapping but different evidence. The cases are similar and arose out of the same violent and corrupt detective work. Even so, Plaintiff takes no position on the Defendants' request to consolidate these cases for the purpose of discovery. However, Plaintiff opposes consolidation for trial where the determination would be premature and where discovery has yet to conclude, let alone commence. Most importantly, consolidation would be highly prejudicial to Plaintiff.

Also, Plaintiff adopts Plaintiff Sean Tyler's opposition to the defendant's joint motion insofar as his argument that the cases are not susceptible of disposition in a single proceeding. *See* LR 40.4(b)(4).

## The Standard

Two or more civil cases may be "related" if "the cases "involve some of the same issues of fact or law" or "grow out of the same transaction or occurrence." LR 40.4(a). If related, a case may be reassigned where:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). The test under L.R. 40.4 is conjunctive, and the moving party bears the burden of proving that each criterion has been sufficiently met. L.R. 40.4(c)(2); *see also Garner v. Country*

*Club Hills*, No. 11 CV 5164, 2012 WL 1900020, at *2 (N.D. Ill. May 23, 2012); *Central States, Southeast & Southwest Areas Pension Fund v. Blue Sky Heavy Hauling, Inc.*, No. 08 C 3338, 2010 WL 4411956, at *3 (N.D. Ill. Oct. 28, 2010).

Likewise, consolidation under Federal Rule of Civil Procedure 42(a) is appropriate where "actions before the court involve a common question of law or fact" *and judicial efficiency outweighs "prejudice caused to any of the parties*." See White v. VNA Homecare, Inc.*, Nos. 11-0971, 12-0330, 12-0331, 12-0332, 2012 WL 3150293, at *2 (S.D. Ill. Aug. 1, 2012)[emphasis added].

The determination of whether consolidation or reassignment is appropriate lies within the discretion of the trial court. *See Rudd v. Lux Products Corp. Emerson Climate Tech. Braeburn Sys.*, LLC, No. 09-cv-6957, 2011 WL 148052 at *2 (N.D. Ill. Jan. 12, 2011). That discretion is very broad. *See Davis v. City of Springfield*, No. 07-3096, 2007 WL 3243053, at *2 (C.D. Ill. Nov. 1, 2007) ("This Court has broad discretion to decide how and whether to consolidate matters on its docket."). Significantly, consolidation is inappropriate if doing so will prejudice any party. *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000). *United States v. Knauer*, 149 F. 2d 519 (7th Cir. 1945). Prejudice may be shown if the of effect of consolidation is to set one plaintiff against another. *See e.g Atkinson v. Roth*, 297 F. 2d 570 (3d Cir. 1961).

**Argument**

Plaintiff does not dispute that the matters are related, pending in the same court, and at the same place procedurally. *See* L.R. 40.4, *infra* Plaintiff does dispute, however, that these matters should be joined for trial.

**I.**     **Consolidation for Trial At This Juncture is Premature**

A case may be reassigned where, for one, the cases are susceptible of disposition in a single proceeding. LR. 40.4(b)(4). This court cannot yet make this determination because it is impossible to know what evidence will be uncovered during the civil litigation, and the differences between Plaintiff's case and Tyler's case, a few of which are detailed below, make a determination that they could be tried together inappropriate at this stage (and likely ever). Seemingly for this reason, in this district, it is routine for judges to grant partial consolidations, rather than an early consolidation for all purposes, including trial.

In *Serrano v. Guevara*, No. 17-cv-2869, the district judge granted defendants' motion for reassignment based on relatedness and ordered that *Serrano* and *Montanez v. Guevara*, No. 17-cv-4560, would be "consolidated for all pretrial proceedings." (ECF No. 48, 17-cv-2869, August 20, 2017.)

*Almodovar v. Guevara*, No. 18-cv-2341, and *Negron v. Guevara*, No. 18-cv-2701, had each been randomly assigned to the same district judge. Acting on an "unopposed motion for reassignment based on relatedness." (ECF No. 20, 18-cv-2341, August 2, 2018), the district judge consolidated the two cases "for all pretrial proceedings." *Almodovar*, No. 18-cv-2341, ECF No. 17.

In *Gecht v. Guevara*, No. 23-cv-1742, the plaintiffs moved for a finding of relatedness with *Kwil v. Guevara*, No. 23-cv-4279. (*Gecht*, ECF No. 87.) Thereafter, the defendants moved to consolidate the two cases. (*Gecht*, ECF No. 100.) The district court granted plaintiffs' motion for relatedness and "granted in part and denied in part" the defense motion for consolidation. (ECF No. 109, 23-cv-1742, September 14, 2023.) The two cases were consolidated for discovery and dispositive motion practice; the district judge denied the defense request to consolidate the cases for trial, leaving for a "later date" whether there should be a joint trial. *Id.*

4

**II.     Any Judicial Efficiency Accomplished by Consolidation for Trial Is Outweighed by the Prejudice to Plaintiff**

a.     <u>Testimony of Andrea Murray</u>

There is no doubt that the defendants will focus on the lone eyewitness, Andrea Murray. The defendants will present evidence that only a couple days after the shooting, Murray went to the police station to view a lineup and identified Tyler "right away." They will also try to present her testimony that no one told her who to identify in the lineup. Notably, Murray has never identified Plaintiff.

While counsel for Tyler will probably present evidence that this witness was coerced and paid cash to facilitate her testimony and/or that she recanted, presentation of her testimony or any statement by her implicating Tyler would, by association, prejudice Plaintiff.

b.     <u>Tyler's Involvement in The Alfredo Hernandez Investigation</u>

A significant piece in the prosecution of both Plaintiff and Tyler was the fact that Tyler was a witness to the Alfredo Hernandez murder and a key player in exposing the police misconduct during the investigation. As stated in Plaintiff's Complaint, Tyler's involvement in the police exposure prompted retaliation by the named defendants against both Tyler and Plaintiff. Plaintiff will present this fact as the motive behind Plaintiff's wrongful conviction. However, Plaintiff had nothing to do with the Hernandez murder and was merely a biproduct of the retaliation against Tyler. A grave risk exists that a jury will resolve evidentiary differences by "considering all the evidence to pertain to all the plaintiffs' claims, even when it is relevant to only on plaintiff's case." *Bailey*, 196 F.R.D. at 518 (N.D. Ill. 2000). The defendants will certainly seek to highlight the simple fact that Tyler was present at the scene of a shooting, which will prejudice Tyler and by association, Plaintiff.

c.     <u>Damages Will Look Significantly Different For Each Plaintiff</u>

5

Lastly, presenting Plaintiff's case alongside another case distracts from and diminishes the significance of Plaintiff's individual suffering and damages, which he endured for 26 years and will continue to endure. Plaintiff was separated from his infant daughter who was five months old when he was arrested. When Plaintiff was released, his daughter was 27-years old and he was a grandfather. Plaintiff is entitled to present his damages to a jury who will be focused on the severity of his stolen life, and his alone.

### III. Conclusion

In an overview, Plaintiffs Henderson and Tyler admittedly have related cases, but within are standout differences that, as detailed above (and as detailed in Tyler's opposition), render consolidation at trial dangerous. It is unfair that the Plaintiff, who has lodged serious claims against the defendants, should suffer any type of prejudice for the purpose of simplifying the litigation process. Any judicial efficiency that is accomplished by joining the Plaintiff's and Tyler's trials is outweighed by the prejudice caused to Plaintiff Henderson. *See White v. VNA Homecare, Inc.*, Nos. 11-0971, 12-0330, 12-0331, 12-0332, 2012 WL 3150293, at *2 (S.D. Ill. Aug. 1, 2012)(stating that consolidation is appropriate where "actions before the court involve a common question of law or fact" *and judicial efficiency outweighs "prejudice caused to any of the parties*.").

Based on the foregoing, Plaintiff respectfully requests that this court deny consolidation at trial and at the very least, reserve decision until the close of discovery.

        Respectfully Submitted,

        **REGINALD HENDERSON**

By:   /s/GABRIELLA OROZCO
       *One of Plaintiff's attorneys*

       BONJEAN LAW GROUP

Jennifer Bonjean
Ashley Cohen
Gabriella Orozco
750 Lexington Avenue, 9th Floor
New York, New York 10022
(718) 875-1850

**Chicago Office:**
Bonjean Law Group, PLLC
53 W. Jackson Blvd., Ste. 315
Chicago, Illinois 60604